**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13045

Non-Argument Calendar

————————————

ELIOTT WILLIAMSON,

*Plaintiff-Appellant,*

*versus*

TRANSUNION LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 3:24-cv-00043-WWB-PDB

————————————

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and BRASHER, Circuit Judges.

PER CURIAM:

Eliott Williamson appeals the dismissal with prejudice of his *pro se* amended complaint against TransUnion LLC and Experian Information Solutions, Inc., for alleged violations of the Fair Credit Reporting Act. 15 U.S.C. § 1681 *et seq.* Because Williamson has abandoned any argument that the district court abused its discretion by dismissing his complaint, we affirm.

## I.    BACKGROUND

In January 2024, Williamson filed a complaint in the Middle District of Florida, in which he alleged that TransUnion and Experian violated the Act by removing certain information from his credit report, and to which TransUnion and Experian both filed answers. The district court issued a notice to the parties of their duty to follow both the Local Rules for the Middle District of Florida and the court's standing order and warned that failure follow the Local Rules or court orders could result in sanctions.

A magistrate judge entered an order finding that Williamson's complaint was a shotgun pleading and ordered him to file an amended complaint that complied with the Local Rules and court's standing order. Williamson filed his amended complaint in April 2024, and the next day, moved for summary judgment. TransUnion and Experian answered Williamson's amended complaint and responded in opposition to his motion for summary judgment.

Williamson proceeded to file numerous motions and other documents in April and May 2024, including motions for judicial notice, to amend the case management report, to compel, to strike, and for sanctions. Williamson also filed a memorandum of law in

support of his motion for summary judgment, citing cases that he claimed supported his allegations that TransUnion and Experian violated the Act. As TransUnion and Experian pointed out, many of these citations were to nonexistent cases. Williamson contended that any case citation errors were "inconsequential." The magistrate judge denied many of these motions, finding that they violated various rules, and ordered Williamson to show cause why he should not be sanctioned.

At the show-cause hearing, the magistrate judge explained that she was "on the verge of" dismissing Williamson's case based on his repeated rules violations and clear abuse of the judicial process, but ultimately did not impose sanctions at the time. Within a month of the hearing, Williamson filed more frivolous documents, and the magistrate judge found that his filings violated the Local Rules, the court's standing order, or both, and that he cited to nonexistent cases, misquoted cases, and misrepresented holdings. The magistrate judge again ordered Williamson to show cause why he should not be sanctioned.

At this second show-cause hearing, Williamson stated that the errors were unintentional and based on his lack of legal knowledge. He admitted that some of the cases he cited did not exist, and that he had found them using artificial intelligence. He also admitted that he did not follow the Local Rules because they were confusing to him as a *pro se* litigant and he could not locate them. The magistrate judge found that Williamson's errors were

"some of the most egregious things" she had seen from a *pro se* litigant," and that she had given him many chances to comply with the Local Rules and court orders, and had told him where he could find them. The magistrate judge ultimately stayed the litigation *sua sponte* to consider the arguments presented at the hearing.

Following the hearing, Williamson continued this pattern of frivolous filing. The magistrate judge ultimately issued a report and recommendation recounting the procedural posture of the case and finding that Williamson's repeated citation to nonexistent cases and misquotation and misrepresentation of cases and holdings, intentional misrepresentation of facts, and continuous violation of rules and court orders despite repeated admonitions that such could result in sanctions, warranted dismissal with prejudice. The report thus recommended dismissal with prejudice for his willful misconduct and abuse of the judicial process, as no lesser sanction would suffice. The district court adopted the report over Williamson's objections and dismissed his amended complaint with prejudice.

## II.    STANDARD OF REVIEW

We review the dismissal of an action for failure to comply with court rules for abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). We will not disturb the district court's decision unless we find that it made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

## III.    DISCUSSION

A district court may dismiss an action with prejudice under its "inherent power to manage its docket." *Betty K Agencies, Ltd.*, 432 F.3d at 1337. A dismissal with prejudice is an extreme sanction that may only be imposed when the offending party engaged "in a clear pattern of delay or willful contempt," and lesser sanctions would not correct that party's conduct. *Id.* at 1337-38 (quotation marks omitted). Although we read *pro se* briefs liberally, issues not raised in an initial brief, even by a *pro se* litigant, are considered abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In his initial brief, Williamson argues only that the district court committed discovery errors and evidentiary errors at the show-cause hearing, and erroneously denied certain motions of his. In joint response, TransUnion and Experian argue that the district court did not abuse its discretion by dismissing Williamson's amended complaint based on its finding of willful misconduct, and that Williamson abandoned any argument that it did by failing to address the issue in his initial brief. TransUnion and Experian also submit that Williamson's initial brief contained erroneous case citations and quotations. In reply, Williamson asserts that he raised meaningful argument relating to the dismissal of his amended complaint in his initial brief and thus did not abandon the issue. He also contends that his errors in the district court were not willful and, if his initial brief contained errors, they were not intentional.

The district court properly exercised its discretion by dismissing Williamson's *pro se* amended complaint with prejudice under its "inherent power to manage its docket." *Betty K Agencies, Ltd.*, 432 F.3d at 1337. The record supports the district court's finding that Williamson's misconduct, which included repeated ignorance of court orders warning him against citing to nonexistent cases, misquoting cases, and misstating their holdings to make them support his position in countless vexatious filings, was willful, and that lesser sanctions would have been inadequate to address this misconduct. *Id.* at 1337-38. And Williamson has abandoned any argument to the contrary, as he addressed the dismissal of his amended complaint only in his reply brief, which is insufficient. *Timson*, 518 F.3d at 874.

## IV.    CONCLUSION

We **AFFIRM** the dismissal with prejudice of Williamson's *pro se* amended complaint.